IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE MYRICK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 113-028 |
| | ) | (Formerly CR 111-040) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at the Federal Correctional Institute in Yazoo City, Mississippi, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This case is now before the Court on Respondent's motion to dismiss Petitioner's § 2255 motion. (Doc. no. 4.) Petitioner opposes Respondent's motion. (Doc. no. 6.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, that the § 2255 motion be **DISMISSED** without an evidentiary hearing, and that this civil action be **CLOSED**.

### I. BACKGROUND

In February of 2011, a federal grand jury indicted Petitioner on three counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), one count of possession with intent to distribute 28 grams or more of cocaine base and a quantity of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and a forfeiture allegation. United States v. Willie Myrick, CR 111-040, doc. no. 1 (S.D. Ga. Feb. 2, 2011) (hereinafter "CR 111-040"). Petitioner was represented by retained counsel Albert H. Dallas and James Pete Theodocion. (Id., doc. nos. 5, 11.)

On July 21, 2011, Petitioner pleaded guilty to one count of distribution of cocaine base. (See id., doc. nos. 26-28.) Petitioner's plea agreement included a broad appeal and collateral attack waiver provision that stated in relevant part:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

(Id., doc. no. 28, p. 5.) In addition, by signing the plea agreement, Petitioner attested that he had read the plea agreement and it accurately set forth the terms and conditions of his agreement with the government. (Id. at 11.)

During the change of plea hearing, United States District Judge J. Randal Hall reviewed the counts in the indictment in CR 111-040. (Doc. no. 26; doc. no. 28; Doc. no. 46, pp. 5-6.) Petitioner, who was represented at the hearing by Mr. Theodocion, testified under oath that he understood what he had been charged with and to what charge he was pleading, that he had discussed and reviewed the indictment with his lawyer after having seen it, and he had as much time to speak with his lawyer about the charges as he wanted. (Id. at 6.) Judge Hall then questioned Petitioner to determine whether he was competent to plead guilty. (Id. at 6-8.) Petitioner also testified that he was satisfied with the help he had received so far from his retained counsel. (Id. at 9.)

Judge Hall next explained the rights that Petitioner would waive by pleading guilty, and Petitioner affirmed he clearly understood those rights. (Id. at 9-12.) Petitioner further testified that he had reviewed the plea agreement with his attorney before he signed it, his attorney was authorized to negotiate the plea agreement for him, and he understood he was

2

agreeing that all of the facts contained in the agreement were true and accurate. (Id. at 12.) In addition, Judge Hall reviewed the appeal and collateral attack waiver with Petitioner, summarizing it as follows:

> Now, you've agreed, not only to plead guilty but you've agreed to waive or give up your rights to directly appeal your conviction and sentence and to indirectly attack your conviction and sentence in a post[-] conviction proceeding on any ground.
>
> However, if for some reason the Government should appeal your sentence or if your sentence, when imposed, is higher than the statutory maximum, in other words, higher than what the law allows or if it is higher than the high end of the sentencing guideline range that is applicable to your case then you would have a right to appeal those sentences. Except for those three conditions, by signing this plea agreement, you are, in fact, giving up your right to appeal.

(Id. at 13-14.) Petitioner affirmed that he had agreed to the waiver as summarized by Judge Hall. (Id. at 14-15.) Petitioner also affirmed that other than the promises the government made in the plea agreement, no one else on behalf of the government promised him anything in order to plead guilty. (Id. at 15.)

Judge Hall explained the statutory maximum penalties for the count to which Petitioner was pleading guilty, and Petitioner affirmed that he understood. (Id. at 15-16.) Judge Hall explained that a probation officer would prepare a Presentence Investigation Report ("PSI"), which Judge Hall would rely upon to determine Petitioner's sentence, as well as the applicability and advisory nature of the United States Sentencing Guidelines ("U.S.S.G."). (Id. at 16-18.)

Judge Hall reviewed the charge to which Petitioner was pleading guilty and explained that the government would have to prove that Petitioner distributed cocaine beyond a reasonable doubt in order to obtain a conviction. (Id. at 18.) After having that element read to him, Petitioner affirmed that he understood, and when Judge Hall asked him if his conduct

3

would satisfy that element, Petitioner answered, "Yes, sir." (Id.) Judge Hall then heard a government witness' presentation of a factual basis for the guilty plea, the truth of which Petitioner affirmed. (Id. at 19-22.)

Petitioner also testified that no one had forced or pressured him to plead guilty. (Id. at 22.) Judge Hall asked Petitioner if he still wanted to plead guilty to Count One of the indictment because he was, in fact, guilty of the crime charged in Count One, to which Petitioner responded, "Yes, sir." (Id.) Judge Hall found that Petitioner was competent, he fully understood the charges against him, and his decision to plead guilty "was voluntary, knowing, and not the result of any force, pressure, threats, or promises other than the promises made by the Government in the plea agreement." (Id. at 22-23.) Judge Hall found Petitioner guilty of the offense to which he was pleading. (Id. at 23.)

Prior to sentencing, the government filed a Motion for Downward Departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), advising that Petitioner provided assistance to the government. (Doc. no. 40; doc. no. 47, p. 59.) Judge Hall granted this Motion by oral order on August 15, 2012. (Doc. no. 47, p. 61.) At Petitioner's sentencing hearing, held on August 15, 2012, Judge Hall found, consistent with the PSI, that Petitioner's total offense level was 29 and his criminal history category was VI, which resulted in a Guideline range of 151 to 188 months of imprisonment, at least three years of supervised release, $15,000.00 to $1,000,000.00 in fines, and a special assessment of $100.00. (Doc. no. 39; doc. no. 47, pp. 6-7.) After hearing argument on mitigation, Judge Hall sentenced Petitioner to 120 months of imprisonment to be served consecutive to a revoked parole term Petitioner was serving in McDuffie County, a fine of $2500.00, a special assessment of $100.00, and a five-year term of supervised release. (Doc. no. 47, pp. 61-62.) Judge Hall reiterated that Petitioner had

4

waived the right to appeal or to attack the sentence in any post-conviction proceeding. (Id. at 64.) Consistent with the plea agreement, Petitioner did not appeal.

Petitioner then filed the instant § 2255 motion in which he raises the following grounds for relief:

(1) Petitioner's collateral attack waiver was not knowing and voluntary because the District Court did not tell him about his rights to collaterally attack his conviction and sentence and because the language in the waiver was ambiguous;

(2) The Bureau of Prisons incorrectly calculated the sentence by failing to give credit for time served in federal pretrial detention;[1] and

(3) ineffective assistance of counsel:

(a) for failing to challenge the miscalculation in Ground 2 at sentencing; and

(b) for negotiating a plea agreement which contained an ambiguous sentence appeal waiver.

(See generally doc. nos. 1, 2.) Petitioner requests a reduced sentence "to compensate for additional time spent on state sentence," or, alternatively, an evidentiary hearing. (Doc. no. 1, p. 12.)

In its motion to dismiss, Respondent contends that Petitioner's § 2255 motion should be dismissed because his claims are barred by his collateral attack waiver and that his request for jail credit is not properly before this Court because it should properly be brought in a §

---

[1] As discussed in detail infra Section II.C, there is an alternate construction of Petitioner's Ground 2 argument. A careful parsing of Ground 2 reveals that one construction is that Judge Hall incorrectly applied the Guidelines and pronounced Petitioner's federal sentence as running consecutive to his undischarged state sentence instead of concurrently. (Doc. no. 2, pp. 5-10; doc. no. 6, p. 6.) Alternatively, Ground 2 could be construed as an argument that the Bureau of Prisons failed to give Petitioner credit for jail time served from his initial date of arrest until the date prior to the date the Bureau of Prisons awarded jail credit and the date on which his state sentence expired, because Petitioner contends he was not actively serving a sentence. (Id.)

5

2241 petition over which this Court does not have jurisdiction.[2] (See generally doc. no. 4.) Petitioner filed a Response. (Doc. no. 6.) The Court resolves the matter as follows.

## II. DISCUSSION

### A. No Evidentiary Hearing Is Necessary in This Case.

Petitioner requests an evidentiary hearing on his § 2255 motion. (Doc. no. 1, p. 12.) With regard to that request, the Eleventh Circuit has recognized that an evidentiary hearing "is often required for development of an adequate record" for ineffective assistance claims. Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Nonetheless, this general rule does not require the Court to hold an evidentiary hearing every time an ineffective assistance of counsel claim is raised. Id. Stated another way, "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989). Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts only conclusory allegations. Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004); see also Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (noting that petitioner is not entitled to an evidentiary hearing if his claims "are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible").

As described in detail below, the Court finds that Petitioner's claims are barred from review, lack merit as a matter of law, or are otherwise affirmatively contradicted by the record. Thus, no evidentiary hearing is necessary in this case. Accordingly, Petitioner's

---

[2]Because Petitioner is presently confined at the Federal Correctional Institute in Yazoo City, Mississippi, a § 2241 petition would be properly filed in the Southern District of Mississippi. See 28 U.S.C. § 2241.

6

request for an evidentiary hearing should be denied.

**B. By Knowingly and Voluntarily Agreeing to the Collateral Attack Waiver, Petitioner Waived Grounds 1 and 3(a) of his Petition.**

It is well settled that a waiver of the right to collaterally attack a sentence and conviction is only enforceable if the waiver is knowing and voluntary. United States v. Warner-Freeman, 270 F. App'x 754, 757 (11th Cir. 2008) (*per curiam*); see also United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993).[3] "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. Thus, if the government meets this burden in the instant case, the appeal and collateral attack waiver provisions of Petitioner's plea agreement are enforceable, and Grounds 1 and 3(a) of the petition are barred.[4] See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

The Court finds Respondent has met its burden in demonstrating the existence of a valid collateral attack waiver. The plea agreement, signed and verified by Petitioner, explicitly set forth that he was voluntarily waiving his right to collaterally attack his

---

[3]Case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. See Bushert, 997 F.2d at 1345; see also Vaca-Ortiz v. United States, 320 F. Supp. 2d 1362, 1365-67 (N.D. Ga. 2004).

[4]The application of the collateral attack waiver on Ground 2 of the petition is discussed infra Section II.C.

7

conviction and sentence "in any post-conviction proceeding, including a § 2255 proceeding." (CR 111-040, doc. no. 28, p. 5.) Moreover, Judge Hall thoroughly reviewed the terms of the plea agreement during the plea colloquy, with particular emphasis on the significance of the appeal and collateral attack waiver provision. (Id., doc. no. 46, pp. 13-14.) After Judge Hall concluded his review of the plea agreement, Petitioner acknowledged that he understood and agreed with the terms of the plea agreement as explained by Judge Hall. (Id. at 14-15.)

While Petitioner would have the Court ignore his responses to Judge Hall's questions, (doc. no. 6, p. 3-4), "solemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). The record before the Court therefore demonstrates that the collateral attack waiver was knowing and voluntary. Thus, the Court concludes that the collateral attack waiver is valid and Petitioner's claim in Grounds 1 is barred by the collateral attack waiver.

Additionally, Petitioner's collateral attack waiver bars his claim in Ground 3(a), that his counsel was ineffective for not raising the argument at sentencing that the court misapplied the Guidelines. "An ineffective assistance of counsel argument survives a waiver of appeal [or collateral attack] only when the claimed assistance directly affected the validity of that waiver or the plea itself." Williams v. United States, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005) (quoting United States v. White, 307 F.3d 506, 508-09 (5th Cir. 2002)). Applying this principle, the Eleventh Circuit concluded in Williams that the petitioner's ineffective assistance of counsel claims concerning his counsel's representation at sentencing were covered by the collateral attack waiver in the plea agreement, as the claims "[did] not concern representation relating to the validity of the plea or waiver." See id. Therefore, Petitioner's

8

claim in subsection (a) of Ground 3 is also barred by his collateral attack waiver.

Of course, the Court is aware that Petitioner has also challenged the assistance of counsel in entering into the plea agreement, a claim which, if found to have merit, would cast doubt on whether Petitioner validly waived his right to collaterally attack his sentence. However, as discussed infra, Section II.D, the Court determines that this claim lacks merit, thus supporting the conclusion that Petitioner validly waived his right to a collateral post-conviction attack of his conviction and sentence.

### C. Petitioner Has Not Established Entitlement to Relief in Ground 2.

Ground 2 appears to claim that the Bureau of Prisons incorrectly calculated Petitioner's sentence by failing to give credit for time served in federal pretrial detention. (Doc. no. 2, pp. 8-10.) Petitioner disputes this characterization in his brief, however, and contends instead that he seeks to correct the original sentence because Judge Hall erroneously applied § 5G1.3(b) of the Guidelines by determining that Petitioner's federal sentence should run consecutive to a state sentence instead of concurrently, (see doc. no. 6, p. 6). Regardless of how the claim is characterized, Petitioner is not entitled to relief in this Court.

First, neither a mistake by Judge Hall in applying the Guidelines nor a miscalculation by the Bureau of Prisons is cognizable in a § 2255 proceeding. See Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (*per curiam*) (alleged errors concerning the Guidelines are generally not cognizable in a § 2255 proceeding); United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). Second, to the extent, if any, that Ground 2 is cognizable under § 2241, this Court has no jurisdiction because a

9

§ 2241 motion must be filed in the district of the prisoner's confinement, see 28 U.S.C. § 2241, which in this instance would be the Southern District of Mississippi. (See doc. no. 7.)

Finally, even if Ground 2 were cognizable in a § 2255 proceeding, it is barred by the terms of Petitioner's collateral attack waiver. The collateral attack waiver would only allow Petitioner to attack his sentence in this § 2255 proceeding if it was higher than the statutory maximum or Guidelines. (CR 111-040, doc. no. 28, p. 5.) As Respondent correctly notes, Petitioner's sentence did not meet this criteria.[5] (Doc. no. 4, p. 4.) Moreover, as discussed supra Section II.B, the Court concludes that the collateral attack waiver is valid. Therefore, Petitioner is not entitled to relief on Ground 2 of his petition.

### D. Ground 3(b) of the Petition is not Barred by Waiver, but Lacks Merit.

Notwithstanding the above analysis, Petitioner's valid collateral attack waiver does not waive his right to assert in Ground 3(b), that counsel was ineffective in negotiating a plea agreement which contained an ambiguous sentence appeal waiver. (See doc. no. 6, pp. 5-6.) In particular, the Eleventh Circuit recognizes that "there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement." Williams, 396 F.3d at 1342; see also Vaca-Ortiz, 320 F. Supp. 2d at 1365 ("[T]he court notes that a criminal defendant could not waive the right to bring a claim for ineffective assistance

---

[5]Here, the statutory maximum was up to 20 years in prison, not more than one million dollars in fines, at least three years of supervised release, and a special assessment of $100. (Doc. no. 46, p. 15.) The Guideline range was 151 to 188 months of imprisonment, at least three years of supervised release, $15,000.00 to $1,000,000.00 in fines, and a special assessment of $100.00, (doc. no. 39; doc. no. 47, pp. 6-7.) As previously noted, the District Court sentenced Petitioner to 120 months of imprisonment to be served consecutive to a revoked parole term Petitioner was serving in McDuffie County, a fine of $2500.00, a special assessment of $100.00, and a five-year term of supervised release. (Doc. no. 47, pp. 61-62.)

10

of counsel in which he alleges ineffectiveness at the time he was entering the plea or ineffectiveness related to advice he received regarding the waiver."). This is so because ineffective assistance of counsel in entering the plea "would require a finding that the plea was not entered knowingly and voluntarily, which would in turn mean that a court could not enforce a waiver contained within that plea agreement." Id.

1. **Under Strickland v. Washington,[6] Petitioner Bears a Heavy Burden on Ineffective Assistance of Counsel Claims.**

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland, which is not a favorable standard to Petitioner. Massaro v. United States, 538 U.S. 500, 505 (2003). Petitioner must show that counsel was constitutionally ineffective under the two prongs of Strickland by proving defense counsel's performance was deficient and prejudicial. Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some

---

[6]Strickland v. Washington, 466 U.S. 688 (1984).

11

reasonable lawyer . . . could have acted, in the circumstances, as [trial] counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985); see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013). Under the prejudice prong of Strickland, the petitioner must show that there "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Brooks, 719 F.3d at 1300 (quoting Strickland, 466 U.S. at 694) (internal citation omitted). As the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations omitted).

Moreover, in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012) (*per curiam*) cert. denied, 133 S. Ct. 484 (2012). In assessing whether a habeas petitioner has met this standard, the

Supreme Court has emphasized the "fundamental interest in the finality of guilty pleas." Hill, 474 U.S. at 58. Therefore, Petitioner must show both that counsel's representation fell below an objective standard of reasonableness, *and* that there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial. Id. at 56-59.

2. **Petitioner Has Not Established Entitlement to Relief Based on Ineffective Assistance of Counsel in Ground 3(b).**

Petitioner contends in Ground 3(b) that his counsel was ineffective in negotiating a plea agreement which contained an ambiguous sentence appeal waiver. Specifically, Petitioner argues that because the language of his plea agreement said "direct" for appeal, but "indirect" for collateral attack, the waiver provision is ambiguous because it left open the possibility that he could "directly" collaterally attack his conviction or sentence. (Doc. no. 6, p. 5.) The record belies Petitioner's argument. As discussed supra Section II.B, Petitioner signed and verified the plea agreement. (CR 111-040, doc. no. 28, p. 5.) Judge Hall thoroughly reviewed the terms of the plea agreement during the plea colloquy, with particular emphasis on the significance of the appeal and collateral attack waiver provision. (Id., doc. no. 46, pp. 13-14.) As discussed earlier, "solemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge, 431 U.S. at 74. Petitioner has no basis to now declare that the language is ambiguous and fails to show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688.

Additionally, even if Petitioner could satisfy the first prong of Strickland, Petitioner fails to carry his heavy burden under the second prong of Strickland. Petitioner has not alleged that, but for this purportedly ambiguous language, there is a reasonable probability that the outcome would have been different, i.e., he does not allege that he would have

13

rejected the plea agreement and gone to trial on all counts. Brooks, 719 F.3d at 1300. Also, this argument again ignores Petitioner's declarations in open court that he understood the waiver. See Blackledge, 431 U.S. at 74. As discussed supra in Section II.B.1, the Court determines that the waiver was knowing and voluntary. Accordingly, Petitioner has failed to overcome the strong presumption of his attorney's competence and the factual record does not reflect that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688; see also Hagins, 267 F.3d at 1204-05. Thus, Petitioner is not entitled to relief on Ground 3(b) of his petition.

In sum, Petitioner is not entitled to relief on any of the claims asserted in his § 2255 motion.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, that the § 2255 motion be **DISMISSED** without an evidentiary hearing, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of January, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

14